Black *v.* Black.

CLAYTON A. BLACK

*v.*

CARRIE E. BLACK.

1. A wife will never suffer her person to be debauched until her affections are corrupted.

2. To prove adultery by circumstances, a criminal desire and an opportunity to gratify it, must be shown. Where these both concur, guilt is presumed.

3. Criminal desires may be inferred from strong expressions of attachment, stolen interviews and a clandestine correspondence.

On final hearing, on bill, answer and proofs.

*Mr. G. S. Cannon* and *Mr. James Wilson*, for complainant.

*Mr. S. D. Dillaye*, for defendant.

THE VICE-CHANCELLOR.

This is a suit for divorce for adultery. If the evidence can be believed, the fact is established beyond all doubt. But a single act need be proved. Many have been shown in this case, by both direct and circumstantial evidence. I shall not enter into details; to do so, would serve no useful purpose.

Black *v.* Black.

But a single question need be considered: Can the evidence given in support of any one of the charges be believed? A guilty love generally precedes adultery. A wife never commits it until after she is depraved in mind and heart. Her affections must be debauched before she will allow her person to be. In cases of this class, where infidelity is charged against a wife, it is always important to inquire whether the evidence shows she has so far suffered herself to be alienated from her husband as to allow a criminal love or desire for another man to enter her heart. If such a passion has found a dwelling there, proof which would otherwise be scarcely sufficient to raise a passing cloud of suspicion, will possess a most convincing force. A guilty attachment is shown conclusively in this case. Four of the defendant's letters to one of her illicit lovers, are in evidence. Their authenticity is undisputed. They present a sad picture of moral degradation. They accuse her of lascivious love, of stolen interviews and clandestine correspondence. In one of them, she says:

"Oh, darling! if I could only have you here to-night, if only for a few minutes, I would feel so much happier. I have the blues, and can you wonder at it? Only think how long it has been since I have had any time at all with you; and are the prospects for the future any better? It does not look so to me. But one thing you can rest assured of, my dearest—the separation does not lessen my love for you, but strengthens it! Every day of my life, I love you better; so do not get discouraged and lose your faith, for our time must come, sooner or later. This hope is all that keeps me up. *  *  * I must stop; I am almost asleep. I wish I could kiss you good-night."

In another, she says:

"I wish I could see you and have a nice long talk with you. I would prize such a privilege beyond expression. Your dear letter was a great comfort to me. I read it many, many times, and then was compelled to consign it to the flames, which I did not do until just before my return home. *  *  * I cannot write you much to-day— not but what I would like to, and could write all the afternoon, but I have to take chances, which are almost up. I have to go to Philadelphia, in the morning; so that knocks us again. When will our time

come? I am getting very much discouraged. * * * Good-bye, my darling, do not forget me, and keep in good cheer. Our time must and will come, sooner or later."

And in a third, she thus piteously and impatiently bewails her situation, because she is restrained, by duty and decency, from the unbridled gratification of her lustful desires :

"Oh, darling! you don't know how I feel. Every day of my life, I love you better; and every day my future looks darker and harder to bear. Why is it that I have to suffer so? What have I done to merit such punishment? If I could but have you, and live and be with you as I would like, I would willingly sacrifice every other pleasure. Will the time ever come that I can? I hope so."

A wife who can give utterance to such sentiments and desires to a man not her husband, needs only a slight opportunity to complete her degradation. In mind and heart, she is already thoroughly defiled, and all she needs to complete her dishonor, is an opportunity to surrender her body to the lustful embrace of a paramour. It is clearly shown that the defendant has enjoyed frequent opportunities to satiate her guilty desires with both of her lovers. Her letters give evidence that she had had such an opportunity with one of them. It is found in this sentence : " Only think how long it has been since I have had any time at all with you." There can be no doubt her criminal desires were reciprocated by her paramours. From one of them, she says she had received a dear letter, which she read many times before committing it to the flames. Both her act in burning and her confession, show the true nature of their relations and the condition of their minds and hearts. In proving adultery by circumstances, two facts must be established—a criminal disposition or desire in the mind of both the defendant and her *particeps criminis*, and an opportunity to commit the crime. When both these are shown, guilt is necessarily inferred. *Berckmans* v. *Berckmans*, 1 *C. E. Gr.* 143; 2 *Bish. on Mar. & Div.* § 619. Proof that the parties have carried on a clandestine correspondence, made strong expressions of

attachment and held secret interviews, will furnish very strong evidence of criminal inclinations and desires. 2 *Bish. on Mar. & Div.* § 616.

The manner in which the defendant has conducted her defence, tends very strongly to strengthen the conviction that she is guilty. She has suffered herself, notwithstanding the fact that she has put herself in a defensive attitude, to stand absolutely undefended by anything in the nature of testimony, against a vast mass of evidence imputing to her acts of open lewdness and the most shocking indecency. One of the persons with whom she is charged to have held criminal relations has, during the whole period this suit has been pending, been constantly within the reach of the process of this court; and yet, so far as appears, she has never made the slightest effort to procure his evidence. I believe she could easily have procured the testimony of the other, if she had really desired it. Her failure to produce either of these witnesses, evinces, I think, a consciousness of guilt so deep as to have produced a feeling of helplessness. Some of the acts proved against her are too indecent and shameless to have been committed by any creature not of the lowest order of prostitutes. I confess, I find it impossible to believe that she has sunk to such an extreme depth of degradation. But there is other evidence of her guilt, so strongly confirmed by her own words and conduct as to put its truth beyond doubt. She must be pronounced guilty of adultery and divorced forever from her husband.